**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**HALLIE EDDINES**                                                                 **PLAINTIFF**

**V.**                                                            **CIVIL ACTION NO. 1:25-CV-125-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                                      **DEFENDANT**

MEMORANDUM OPINION AND JUDGMENT

Before the court is Plaintiff's complaint for judicial review of an unfavorable final

decision of the Commissioner of the Social Security Administration regarding  her application

for disability insurance benefits. The parties have consented to entry of final judgment by the

United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to

the Court of Appeals for the Fifth Circuit. Docket 15. The court, having reviewed the

administrative record, the briefs of the parties, and the applicable law, and having heard oral

argument, finds the decision of the Commissioner of Social Security should be affirmed.

FACTS

Plaintiff, Hallie Eddines, filed her applications for benefits in December 2021, alleging

disability beginning April 18, 2019. An earlier administrative decision dated April 17, 2019,

found Plaintiff not disabled, and her insured status expired on September 30, 2019. The period

presently at issue is therefore limited to April 18, 2019, through September 30, 2019. The SSA

denied the application initially and on reconsideration. After a telephonic hearing at which

Plaintiff and a vocational expert testified, the Administrative Law Judge issued an unfavorable

decision on October 23, 2024. The Appeals Council denied review on June 17, 2025, and this

timely appeal followed.

The ALJ determined Plaintiff had the following severe impairments: obesity, coronary artery disease without angina, and hypertension. The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform a reduced range of light work. Specifically, she could lift and carry twenty pounds occasionally and ten pounds frequently; stand or walk for six hours and sit for six hours in an eight-hour workday; never climb ladders or scaffolds or work at heights; occasionally climb ramps and stairs, stoop, kneel, crouch, crawl, drive, and work around moving machinery; and frequently finger, handle, and reach.

While Plaintiff does not have any past relevant work, the ALJ found, based on the testimony of the VE, that there were jobs in the national economy that would fit within her RFC. For example, the ALJ found she could work as a mail clerk and furniture rental consultant.

ANALYSIS

Judicial review under 42 U.S.C. § 405(g) is limited to determining whether substantial evidence supports the Commissioner's decision and whether the proper legal standards were applied. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, and the threshold is not high. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). A finding that substantial evidence is lacking is appropriate only when no credible evidentiary choices or medical findings support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The court may not reweigh the evidence or substitute its judgement for that of the Commissioner merely because the record could support a different result.

Plaintiff first argues the ALJ failed to account for her asserted need to elevate her legs. However, the ALJ expressly acknowledged Plaintiff's allegation that swelling in her legs required elevation for relief and prevention. He nevertheless found that her subjective allegations

were not entirely consistent with the evidence through the date last insured. That determination was not made in a vacuum. The reconsideration-level medical consultant, Dr. Revella Harmon, assessed a reduced range of light work but did not include a requirement that Plaintiff elevate her legs. Plaintiff, by contrast, points principally to her hearing testimony and to a December 2019 treatment record documenting ankle swelling. The cited record states that Plaintiff reported swelling for approximately one week and had been trying to elevate her feet. It also states that she had no swelling at the time of the examination and that the condition had improved.

The December 2019 record postdates Plaintiff's September 30, 2019, date last insured. Evidence that a condition began or became disabling only after insured status expired cannot establish disability during the insured period. *See Torres v. Shalala*, 48 F.3d 887, 894 n. 12 (5th Cir. 1995); *Owen v. Heckler*, 770 F.2d 1276, 1280 (5th Cir. 1985). More importantly, the record cited does not establish a work-related elevation requirement during the relevant period, much less a restriction lasting or expected to last twelve months. The ALJ stated he considered the entire record, specifically discussed the elevation allegation, and declined to adopt the alleged limitation. An ALJ is not required to discuss every individual record in the file, particularly when the cited evidence falls outside the relevant period and does not establish the asserted functional restriction. Substantial evidence therefore supports the omission of a leg-elevation requirement from the RFC.

Plaintiff next argues the ALJ found obesity severe but failed to identify limitations attributable to it. The decision, read as a whole, shows otherwise. The ALJ identified obesity as severe impairment and found that Plaintiff's severe impairments caused exertional, postural, manipulative, and environmental limitations. He limited Plaintiff to less than the full range of light work and included restrictions beyond basic lifting and standing requirements of that

exertional level. Dr. Harmon likewise considered Plaintiff's obesity and concluded that she remained capable of light work with additional postural and environmental limitations.

Plaintiff's argument rests largely on the proposition that a finding of severe obesity necessarily requires a restriction to sedentary work. The cited materials do not support that proposition. A step-two severity finding does not dictate a particular RFC, and Plaintiff identifies no medical opinion limiting her to two hours of standing or walking or otherwise requiring sedentary work during the relevant period. Her proposed limitation is based on supposition drawn from her height and weight rather than a cited functional assessment. The ALJ considered obesity and incorporated specific restrictions into the RFC. The court may not reweigh the evidence simply because Plaintiff believes greater restrictions could have also been imposed.

Plaintiff also relies on the VE's answers to hypothetical questions involving occasional handling, gripping, and fingering, and the need for hourly redirection. Those answers, however, were premised on limitations the ALJ ultimately found were not supported by the record. Plaintiff's brief acknowledges there was no cited objective medical evidence discussed in the file regarding such an occasional limitation. The evidence, rather, supports the ALJ's finding of frequency. The same is true for Plaintiff's allegation regarding hourly redirection.

Finally, Plaintiff argues the ALJ failed to recognize anxiety and obsessive-compulsive disorders and should have ordered a psychological or psychiatric consultative examination. Qualified psychological consultants reviewed the record at both the initial and reconsideration levels. Although the agency forms contain a preliminary reference to anxiety and OCD, the consultants' ultimate conclusion was that the evidence was insufficient to determine severity as of September 30, 2019. Neither consultant assessed a mental FRC or found a severe mental

impairment. While Plaintiff identifies her own allegations of mental impairments, she does not identify medical evidence establishing a mental functional restriction during the relevant period.

The court's task is not to decide whether the evidence could have been weighed differently, but whether the ALJ's findings fall within the range of reasonable evidentiary choices. They do. Accordingly, the Court finds the ALJ's decision is supported by substantial evidence. Therefore, the decision of the Commissioner is hereby **affirmed**.

**SO ORDERED**, this the 6th day of August, 2026.

**/s/ David A. Sanders**
**U.S. MAGISTRATE JUDGE**